State, ex rel. Jensen, v. Turnquist.

STATE, EX REL. HELEN JENSEN, APPELLEE, v. ROY TURNQUIST, APPELLANT.

FILED JUNE 2, 1917. No. 19840.

Witnesses: IMPEACHMENT: EXCLUSION OF EVIDENCE. It is error to exclude evidence which has a tendency to impeach a witness on a material fact sworn to by him, the proper foundation having been laid therefor.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. Reversed.

Ringer & Bednar, for appellant.

M. O. Cunningham, contra.

CORNISH, J.

This is an appeal from a judgment in a bastardy proceeding in which the defendant was found to be the father of the illegitimate child of relator, Helen Jensen. As stated in the brief of counsel for complainant, "the evidence is not as overwhelming in favor of the complainant" as one would like. He adds, however, that in cases of this kind it is often difficult to secure evidence which is altogether convincing and satisfactory.

State, ex rel. Jensen, v. Turnquist.

The verdict rests upon the uncorroborated testimony of the complaining witness. Her mother testified that, while she knew her daughter went out with the defendant the first week in June, and that he brought her home in an automobile, she herself never met or saw him until August 21. Some of the testimony of the complaining witness is not consistent with ordinary experience in such cases. She testified to having had intercourse with the defendant the first evening they met; that she did not inform him of the situation until about four months afterwards. She testified to only the one act during the necessary period in which he might have become the father of the child. The defendant denied any acquaintance with her at the time.

Complainant testified that on September 27, 1915, when she told defendant of her condition, he procured a medicine, in the form of pills, which he gave to her for the purpose of producing a miscarriage. She testified that afterwards, early in January, she took the pills and they made her sick. In corroboration of this testimony, her mother testified that she discovered the medicine in November, when her daughter was sick from taking it. On cross-examination she was asked if in January she had not had a conversation with the parents of defendant in which she stated that she had purchased medicine for her daughter, which, when taken, had made her daughter sick. She denied making such statement. Afterwards, when the impeaching questions were put to defendant's parents, who were called as witnesses, the court sustained objections to the questions. This is complained of as error.

We are of opinion that the court did err in sustaining these objections. The evidence showing but one batch of medicine, secured and used, and but one sickness, this evidence would be proper for the jury to consider, in considering whether or not it was the defendant or the mother who had procured the medicine which made the complaining witness sick; and, if it was a circumstance bearing

upon that issue, it would be important testimony for purposes of impeachment.

We do not pass upon the other errors complained of by defendant. We are of opinion that the error above noted, under all the circumstances, was prejudicial to defendant, and that the judgment of the trial court should be reversed and the cause remanded.

